# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JACKLYN ARMELIN** | * | **CIVIL ACTION NO.** |
| **Plaintiff,** | * | |
| | * | **DIVISION:** |
| **VERSUS** | * | **JUDGE:** |
| **RAINBOW USA, INC., AND SAVOYE HOWARD** | * | **SECTION:** |
| | * | **MAGISTRATE:** |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Rainbow USA, Inc. and Savoye Howard (together, "Defendants"), who appear solely for the purpose of filing this Notice of Removal and reserve all rights, defenses, objections, exceptions, and claims they may have. In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendants hereby remove this civil action, which was pending as Case No. 137507 in Division "B" of the 16th Judicial District Court for the Parish of Iberia, State of Louisiana (the "Action"), to the United States District Court for the Western District of Louisiana because the parties, excluding the improperly-joined defendant, are diverse, and a good faith reading of the Petition for Damages shows the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

1.

On June 3, 2021, Plaintiff Jacklyn Armelin ("Plaintiff") filed a Petition for Damages ("Petition") in the 16th Judicial District Court for the Parish of Iberia, bearing Civil Action No. 137507, against Defendants.

2.

Rainbow USA, Inc. ("Rainbow") was served with the Petition on June 10, 2021. Although Rainbow is authorized to do and does business in the State of Louisiana, including the Parish of Iberia, it is incorporated in the State of New York. Accordingly, for federal jurisdiction and diversity of citizenship purposes, Rainbow is not a citizen of Louisiana.

3.

Defendant Savoye Howard ("Howard") was served with the Petition on July 6, 2021, and is a citizen of Louisiana.

4.

Plaintiff's improper joinder of Defendant Howard should not destroy diversity between the parties. Plaintiff's claims against Howard are legally deficient. The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). It entitles a defendant to remove a matter to Federal Court when an in-state defendant has been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S. Ct. 1825, 161 L. Ed. 2d 755 (2005).

5.

Howard is an improperly joined defendant because Plaintiff has not and cannot establish a cause of action against her under any theories of recovery alleged against Howard. Plaintiff states she "makes claim under all state laws applicable to such incidences and in particular LSA-R.S. 23:332 and LSA-R.S. 23:967." Plaintiff cannot state a claim against an individual employee under either of these statutes.

6.

First, Plaintiff cannot state a claim against Howard under the Louisiana Employment Discrimination Law ("LEDL"), LSA-R.S. 23:332, because she is not an "employer" under that statute. *See Foreman v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.*, No. 13-780, 2013 WL 5410135, at *5 (W.D. La. Sept. 25, 2013) (holding it is well established that the LEDL does not provide a cause of action against co-workers or other individual employees, only against employers). Thus, a finding of improper joinder is appropriate. *See Johnson v. C.H. Wilkinson Physician Network*, No. 17-0534, 2017 WL 3425799, at *4 (W.D. La. July 7, 2017) (denying motion to remand due to improper joinder of two supervisors who could not possibly be liable under the LEDL because they were not employers).

7.

Likewise, Plaintiff cannot state a claim against Howard under the Louisiana Whistleblower Statute, LSA-R.S. 23:967, because she is not an "employer" under that statute. *See Riley v. Novasad*, No. 18-1123, 2020 WL 2858532, at *3 (W.D. La. May 12, 2020), *report and recommendation adopted*, No. 18-1123, 2020 WL 2892187 (W.D. La. June 2, 2020) (quoting *Johnson v. Hosp. Corp. of Am.*, 767 F. Supp. 2d 678, 691 n.2 (W.D. La. 2011)) ("Although the whistleblower statute itself does not define employer, district courts within the Fifth Circuit have applied the definition of "employer" provided under Louisiana's Employment Discrimination Law, La. Rev. Stat. § 23:302(2), to claims brought under the whistleblower statute, La. Rev. Stat. § 23:967."). Accordingly, because Plaintiff cannot make a claim against an individual employee under this statute either, a finding of improper joinder of Howard is appropriate. *See White v. Slaughter*, No. 17-1022, 2017 WL 6507699 (W.D. La. Nov. 15, 2017), *report and recommendation adopted*, No. 17-1022, 2017 WL 6503995 (W.D. La. Dec. 19, 2017) (denying

motion to remand due to improper joinder of former supervisor and division manager against whom plaintiff had no reasonable possibility of recovery because they were not employers).

8.

Furthermore, even if Plaintiff purports to make a claim of intentional infliction of emotional distress ("IIED") outside of the above two statutes, there is no reasonable possibility this claim will survive judgment on the pleadings because the allegations against Howard do not rise to the level of IIED as a matter of law. The Louisiana Supreme Court has held three elements are required for an IIED claim: (1) the defendant's conduct was extreme and outrageous; (2) the plaintiff suffered severe emotional distress; and (3) the defendant intended to inflict severe emotional distress or was certain or substantially certain that severe emotional distress would result from his conduct. *White v. Monsanto Co.*, 91-0148 (La. 9/9/91); 585 So.2d 1205, 1209.

A plaintiff must allege "conduct so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Nicholas v. Allstate Ins. Co.*, 99-2522 (La. 8/31/00); 765 So. 2d 1017, 1026. In the workplace context, Louisiana case law further requires there be "a pattern of deliberate, repeated harassment over a period of time." *Id.* (citations omitted); *see also Bustamento v. Tucker*, 607 So.2d 532, 538 (La. 1992). "Ordinary employment disputes, even those involving discrimination and sexual harassment, will rise to the level of intentional infliction of emotional distress <u>only in the most unusual of cases</u>." *Booth v. Intertrans Corp.*, 1995 WL 3244631, at *1, *17 (E.D. La. 1995) (citing *Wilson v. Monarch Paper Co.*, 939 F.2d 1138, 1144 (5th Cir. 1991)) (emphasis added); *Dean v. Ford Motor Co.*, 885 F.2d 300, 304–07 (5th Cir. 1989). Even assuming Plaintiff's allegations in the Petition are true, the conduct attributed to Howard is not so severe, does not form a pattern, and was not repeated over a period of time, to state a claim of IIED. *See,*

*e.g. Smith v. Amedisys Inc.,* 298 F. 3d 434 (5th Cir. 2002) (dismissal of IIED claim where plaintiff alleged her supervisor sexually harassed her and made sexual advances toward her, including touching her leg and attempting to hold her hand, and while on a business trip pulled her to the bed and kissed and touched her); *Stewart v. Parish of Jefferson,* 95-407 (La. App. 5 Cir. 1/30/96); 668 So. 2d 1292, *writ denied,* 96-0526 (La. 4/8/96); 671 So. 2d 340 (intentional infliction of emotional distress was not shown even though a supervisor maintained two year's harassment in which he questioned the worker's personal life, increased the workload, and pressured the employee to accept a demotion which ultimately led to the employee's termination).

9.

Diversity jurisdiction cannot be destroyed by the improper joinder of a defendant who is not subject to liability. *See Smallwood,* 385 F.3d at 572–73. If a court finds a plaintiff's naming of a non-diverse defendant is improper, then it is permitted to "disregard the citizenship of [the party] that ha[s] been improperly joined." *Centaurus Ashley, LP v. Lexington Ins. Co.,* 791 F. Supp. 2d 559, 563 (S.D. Tex. 2011) (citing *Smallwood,* 385 F.3d at 572–73). Without any cognizable claims against Howard, her citizenship should be ignored, thereby making removal appropriate on diversity grounds.

10.

Therefore, as complete diversity exists between the properly joined Defendant, Rainbow, and Plaintiff, the citizenship element of diversity jurisdiction for the purpose of removal is met.

11.

The second element of diversity jurisdiction—amount in controversy exceeding $75,000.00—is also met. *See* 28 U.S.C. § 1332(a)(1). Because plaintiffs in Louisiana state courts, by law, may choose not to specify the numerical value of claimed damages, the removing

defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Wright v. Sears Roebuck & Co.*, No. 09-1498, 2010 WL 148173, at *2 (W.D. La. Jan. 12, 2010) ("To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met.").

12.

Although Defendants do not concede the evidence will show the damages sought by Plaintiff, it is facially apparent, for purposes of determining the amount in controversy, that the Court could conclude the damages *sought* exceed the jurisdictional amount required. *See, e.g., Napier v. Humana Marketpoint, Inc.*, 826 F. Supp. 2d 984, 988–89 (N.D. Tex. 2011) (noting employment discrimination cases, on similar facts, support a finding that the amount in controversy exceeded the jurisdictional requirement); *Mosley v. Wal-Mart Stores Tex. LLC*, No. 10-2305, 2011 WL 1532386, at *3 (N.D. Tex. Apr. 21, 2011) (finding the jurisdictional amount satisfied where plaintiff claimed sex discrimination among other injuries but did not specify damages in her original complaint and noting "[i]n today's world, it does not take much to exceed $75,000").

13.

Thirty days have not expired since either Rainbow or Howard was served with the Petition, so this Notice of Removal is timely. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and orders in the state court record, which includes "all process, pleadings, and orders served upon" Defendants, are attached hereto as Exhibit A. These documents constitute all process, pleadings, and orders served at the time of the filing of this removal.

14.

Defendants removing actions from state court to federal court "shall file [a Notice of Removal] in the district court of the United States for the district and division within which such action is pending...." *See* 28 U.S.C. § 1446(a). 28 U.S.C. § 1441, provides that the proper venue of a removed action is "the district of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because the Petition was filed in the 16th Judicial District Court for the Parish of Iberia, which is within the Western District of Louisiana, this District is the proper venue for this civil action.

15.

All Defendants named in this lawsuit consent to and join in this removal -- although consent is not required from the improperly joined defendant, Howard. *Paul Piazza & Son, Inc. v. Garcia*, No. 21-912, 2021 WL 2678932, at *2 (E.D. La. June 30, 2021).

16.

Promptly after this notice of removal is filed, written notice thereof will be given to all adverse parties and a copy of this notice of removal will be filed with the clerk of the aforesaid state court to effect the removal of this civil action to this Honorable Court as provided by law.

**WHEREFORE**, Defendants, Rainbow USA, Inc. and Savoye Howard, hereby remove this case to Federal Court.

Respectfully Submitted,

**FRILOT L.L.C.**

__/s/Leslie W. Ehret__
**LESLIE W. EHRET (Bar No. 18494)**
**ANNA K. POTTER (Bar No. 38376)**
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
lehret@frilot.com
apotter@frilot.com
**Attorneys for Defendant, Rainbow USA, Inc.**

**CHAFFE McCALL, LLP**

__/s/Julie D. Livaudais__
**JULIE D. LIVAUDAIS (Bar No. 1183)**
**SARAH V. MYERS (Bar No. 30107)**
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6054
livaudais@chaffe.com
**Attorneys for Defendant, Savoye Howard**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of July, 2021, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

__/s/Leslie W. Ehret__
Leslie W. Ehret